all of the employees. We know all that. You know how to move right to the legal issues. Your Honor, this case, this memorandum makes this case very much like the United States Supreme Court decision in the United States v. National Treasurer's Union. And that case set up the following test for restrictions on previous speech. Unlike an adverse action taken in response to actual speech, this ban chills potential speech before it happens. For these reasons, the government's burden is greater with respect to the statutory restriction on expression than with respect to an isolated disparate action. The government must show that the interest of both potential audiences and a vast group of present and future employees in a broad range of present and future expression are outweighed by the expression's necessary impact on the actual operation of the government. Your Honor, the speech involved in the National Treasurer's Employees Union was less restrictive on employees because it banned paying an honorarium to speakers. It didn't make an outright ban. My brief cites approximately five or six Court of Appeals decisions that have dealt with these type of bans, although I think in every case less restrictive than this one. There is no Court of Appeals that has upheld such a ban. This is a ban on prior speech. The one case that Judge Reeves relied upon, which I think is really before the Court, is the contention that this Court, which would make it alone among the circuits, has approved this type of situation in Moore v. City of Kilgore, Texas, 877 F. 2nd 364. But in fact, Your Honor, the Moore case did not, does not deal with this situation. In the Moore case, there was an order that went out by the fire chief that says you can't speak without my permission, you have to have my permission. Nobody was fired over that particular ban. What happened was a firefighter then spoke out and made criticisms of the lack of manpower in the fire department. He was then fired. And this circuit, hell, the firing was unconstitutional based on the, after the fact that he had been fired. It did not, it did not reach the question, the majority opinion did not reach the question of whether the ban itself was unconstitutional. The dissent did reach the question, but that's really beside the point, I guess. These Court of Appeals cases that I've cited in my brief, Your Honor, discuss Moore and indicate their opinion that Moore is really superseded by national trade. But in any event, Moore doesn't control, that's not the facts of the Moore case. And so all I can really say about this case is this circuit would be standing alone if Your Honors were to take the position that an employer can ban all future speech. You can't speak no matter what. I might point out a couple of things of the way the plaintiff described what she understood it to mean, though I think on its face it shows what it means. She said that she thought that there wouldn't be anything whatsoever she could discuss. She said it came to her mind that she couldn't discuss the fact that there had been a money shortage when they came into office of $14,000. She just, she thought about the fact that it would breach her oath of office. The Mississippi Constitution, I believe it's section 268, requires public employees to take an oath of office to diligently perform their duties. It would keep her from doing that because when people come in and have questions about their taxes or whatever, she's supposed to answer them. Mississippi's got a public records law, public policy and revealing public records, it would keep her from doing that. But it's just a broad ban on all speech. And there's no point, and I won't discuss it unless Your Honor has a question, but there's no point in getting into this whether it's citizen speech or whether it's employee speech because it starts out and you can't tell what kind of speech it is. It could be the employee speech because we don't know what it is. It's a ban in advance. So for those reasons, Your Honor, this broad ban under the National Treasurer's case and most recently under the Janus case that the United States Supreme Court just decided and we cited in our briefs, under those cases, Your Honor, this practice is unconstitutional. Are you making a facial or an as-applied challenge? Your Honor, if there's no further questions, that's all I have. Yes, you've saved time for rebuttal, Mr. Wade. Thank you. Thank you, Your Honor. Yes, sir. Ms. Jacks? May it please the Court, my name is Jamie Jacks. I represent the tax assessor Betty Robinson in this case in Knoxville County. As the district court correctly found and what Mr. Wade does not discuss at length in his presentation before this court is the fact that there was no prior restraint alleged in his complaint. As he's just told the court, he made an as-applied challenge in his complaint. And as the district court correctly held, the as-applied challenge fails on its face. And this is because, and Mr. Wade does not offer any argument to this court here today, as an as-applied challenge under a Garcetti analysis, we look to whether this employee was speaking as a citizen or as an employee of the Knoxville County Tax Assessor's Office. Well, what do you do with an alleged theft of several thousand dollars? Is that purely speaking as an employee rather than as a matter of public concern? Well, as the employee, Ms. Harris, admitted in her deposition, she felt that this sort of nebulous concept of the $12,000, which the district court pointed out, we have absolutely no details about what this was about, whose regime it was under, etc. But in her deposition, I asked her specifically whether she would be speaking as an employee about this or whether this would be something she would want to talk about in another context. And she said, as an employee, it's something I might be lawfully required to disclose as an employee of the Tax Assessor's Office. So for two reasons, Your Honor. One, she's admitted she would be speaking or be motivated as an employee to make that speech. And secondly, the district court also correctly pointed out this allegation is so vague, one can't really even do a proper analysis under what this would be speech concerning, because it's simply this allegation of $12,000 that we don't know much about. So under a Garcetti analysis, and I think counsel opposite does not offer much in the way of argument here today, the as-applied challenge basically for Ms. Harris fails on its face, as the district court found. If this court would look to whether this was a prior restraint, I think a couple of points from the Moore v. Kilgore case, which I would point out, of course, is this court's own precedent. It's still good law, and under Moore v. Kilgore, the prior restraint has to be alleged specifically, of course, in the complaint. Under all of the cases that Mr. Wade has cited in his brief to this court, there was a valid facial challenge made. In the Harmon case, in the Sandor case, in the NTEU case that Mr. Wade spoke about earlier, all of those cases involved valid constitutional challenges. Mr. Wade says that Moore was abrogated by National Treasurer's Union. Your Honor, I didn't find that in my reading of NTEU. What I found was the NTEU case said when we have a valid facial challenge and when we have an as-applied challenge, we still use a Pickering analysis. And so this court, of course, would still use a Pickering analysis. But bigger than that, broader than that, is a plaintiff has to allege a certain type of First Amendment claim in their complaint. And as Mr. Wade just admitted to this court, he made an as-applied challenge in his complaint. The defendants are entitled to fair notice of what kind of First Amendment challenge is being made in this case. And the complaint clearly is an as-applied challenge. And that's what we addressed in our motion for summary judgment. And what the district court found, Ms. Harris failed to make a showing under a Garcetti analysis. At the 11th hour, the plaintiff is now realizing, or the appellant here, has realized that an as-applied challenge is simply not going to work. So they've switched forces and are now trying to move this case under a prior restraint. It does make a difference about what Mr. Wade claimed in his complaint. And it should make a difference respectfully to this court, whether it's as-applied or whether it's a facial challenge. But again, NTEU is different, too, because there it was a broad class of persons who were bringing the complaint. NTEU actually involved two unions, two complete unions, and several career civil servants that brought that charge against the government's ban. And there the court did look to whether what kind of speech was going to be affected over a broad class of citizenry. And here we don't have that. We have Ms. Harris specifically saying this is how this employment agreement affects me. She didn't bring a claim on behalf of anybody else, any third party. As this court found in Moore v. Kilgore, to make a valid overbreath challenge, you have to assert the rights of someone else. You have to tell the court how this affects other people, not just me. But Ms. Harris failed to do that in her complaint. And we would argue now before this court it's improper to try to make that argument. Again, the as-applied challenge is what was brought. We believe the district court correctly found under Garcetti the three areas of speech involved were areas that Ms. Harris articulated. These are what she believed were at issue. And those were all matters that were employee matters that were motivated under this court's analysis in the Childers case, which we cited in our briefs. That's 933 F. 2nd 271. You look at the motivation of the citizen or the employee, rather, in making the speech. Are they motivated as an employee or are they motivated as a citizen? And Ms. Harris has never articulated that she wanted to speak as a citizen in this case. It has all been what she felt like she would want to speak about as an employee. For those reasons, Your Honor, we believe the district court correctly found that under the Garcetti analysis, Ms. Harris's as-applied challenge fails on its face. And that she has not articulated in her complaint a valid prior restraint, nor has she articulated an over-breath challenge. And for those reasons, we'd ask you to affirm the district court's opinion. Thank you. All right. Thank you, Ms. Jax. For rebuttal, Mr. Wade. Your Honor, as I said, her claim that you've got to put one or the other in the complaint is refuted both by the Sandor case and the Harlan case. But it just doesn't make any sense. In the first place, Johnson v. City of Shelby, that's cited in our brief, a recent United States Supreme Court case, has again reiterated you don't have to plead legal theories. I didn't have to put in the complaint. I hereby notify you this is an on-the-face challenge as opposed to an as-applied challenge. That would be a classical case of having to plead legal theories. But it really doesn't, it really could not conceivably make any difference because she's affected just the same way every employee is. When she says she's got to make the claims of other employees, I don't know where she gets that. The general rule is it has to be standing. You have to show how it affects the plaintiff. There are cases, I understand, where you can make an on-its-face challenge saying this affects somebody else but does not affect me. But that's not this case. This case would be more like an as-applied challenge. It affects me and it affects all employees just the same way. None of us can speak. And we have no way of knowing what type of speech is being prohibited. For example, let's say the tax assessor stole $10,000 tomorrow. That would be prohibited under this. Ms. Harris said that she discussed with the tax assessor what do you mean by all matters concerning the office? What does matters mean? She couldn't get an answer. And she said this would keep me from carrying out the oath of my office. First, I need to say this, Your Honor. I do not believe, I don't believe the courts, the courts of appeals cases, probably five cases cited in my brief, is not one that supports the proposition that you've got to take speech in advance and decide in advance whether it's speech of a, whether it's employee speech or citizen speech. You obviously can't know which it is because there hasn't been any speech here. Your Honor, the Moore case, it's kind of a peculiarly written case because Judge Goldberg's dissenting opinion comes first and then the court's opinion is on the last page of the opinion. But it makes it very plain that on the last page of the opinion that what this court was talking about was we have held it unconstitutional as applied to him. That is, when he made the statement criticizing the manpower, he's won the case and we're not going to go any further. It said it wasn't a prior restraint because they didn't act until after he had made the speech. That's what the case said. But I think a careful weighting of Moore will show that this circuit is not in conflict with any other circuits. We don't have to decide whether it's, whether the case is in effect somehow overruled by the national treasury because this case is not in conflict with other circuits. The circuits do not allow a prior restraint on speech. That just can't, that cannot be done. So, Your Honor, for those reasons, we ask the court to reverse the plan of summary judgment. Judge Raines just misread the Moore v. Kielgore case, Your Honor, without a doubt. All right, thank you. Yes, sir. Your case is under submission.